IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0222 WHA |
| Plaintiff, | |
| v. | **AMENDED ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION RE MOTION TO CORRECT CLERICAL ERROR** |
| LUKE D. BRUGNARA, | |
| Defendant. | |

Following his guilty plea to filing false tax returns, defendant Luke Brugnara was sentenced on May 24, 2010. Defendant was ordered to pay restitution in the amount of **$1,904,625.35**, which was based on the amount of tax loss reported in the government's sentencing memorandum and supported by IRS agent Charles Tonna's declaration and accompanying schedules (Dkt. Nos. 110-3–15). The procedural and factual background is set out more completely in the order denying defendant's motion to correct a "clerical error" in the restitution order (Dkt. No. 172). Defendant now moves for reconsideration of that order.

Motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure. *See, e.g., United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Even assuming *arguendo* that defendant may file a motion for reconsideration in this action, defendant has failed to establish any ground justifying granting his motion.

Defendant contends that the government "intentionally omitted the legal deduction of property taxes . . . paid by Defendant." Defendant argues that approximately $4.6 million dollars in property taxes were "intentionally not deducted" by the government in calculating tax loss. Defendant's motion essentially reargues the underlying motion, responding again to the

arguments and evidence cited by the government in its opposition to defendant's original motion. Defendant's attempts to reargue the underlying motion are not proper, and provide no ground for granting a motion for reconsideration. Defendant again seeks to refute the government's evidence with bald assertions and unsupported statements. For example, defendant now attempts to argue that the property taxes could not have been included in the category of "operating expenses" reported on defendant's tax returns because "no building can be operated for less than $10-12 sq. ft. a year." *First*, the order found, and defendant has not refuted, that the category of "operating expenses" as reported on his tax returns for the years at issue was a self-created category that included property taxes. Therefore, defendant has already claimed property tax on his tax returns, which the IRS accepted. *Second*, the "evidence" defendant cites appears to be a chart from The Mississippi Business Journal, dated August 30, 2012. The chart states that the total operating expenses for San Francisco commercial real estate was $10.39 per square foot. Nothing about the chart addresses the years at issue, namely 2000–2002. Nor does this information establish that defendant did not claim the property taxes on his original tax returns, as he testified that he did. As defendant has already reported and received credit for the property taxes, he cannot now claim that he is owed credit for those property taxes.

Defendant's motion for reconsideration of the order denying his request to correct a clerical error or for an evidentiary hearing is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2