IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 8-00222 WHA |
| Plaintiff, | |
| v. | **ORDER RE APPLICATION FOR WRIT OF EXECUTION** |
| LUKE BRUGNARA, | |
| Defendant. | |

Defendant Luke Brugnara was convicted on May 24, 2010, of three counts of violating 26 U.S.C. 7206(1). He was sentenced to 30 months custody and one year of supervised release. Among the special conditions imposed were that defendant must provide access to all requested financial information, comply and cooperate with the IRS in good faith to pay any outstanding tax liability, provide the U.S. Probation Office with a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability within 10 days from the execution of such agreement, and pay $300 special assessment, $50,000 fine, and $1,904,625.35 restitution.

Counsel for the government have filed an application for a writ of execution, stating that defendant has not made any payments towards his restitution, fine, or special assessment and that, with accrual of interest, the total balance due as of May 21, 2013, was $1,975,688.29. Counsel seek a writ of execution authorizing the United States Marshals to seize the following nine paintings:

1. "Femme Fatale" painting by Kees Van Dongen;

2. "Four Mona Lisas" painting by Andy Warhol;

3. "Crucifixion of Christ" painting by Pieter Paul Rubens;

4. "Germaine" drawing by Pablo Picasso;

5. "The Blind Fiddler" by Rembrandt;

6. "English Landscape" by F. Williams;

7. "Blonde Waiting" by Roy Lichtenstein;

8. "Opera" by Fried Pal; and

9. "Blue Notation" by Naomi Kremer.

Having reviewed the parties' filings, the Court issues the following **tentative order**:

The Marshals are authorized to seize the nine paintings listed above and any documentation relevant to the ownership of the paintings. The Court recognizes that defendant asserts that his wife and/or related entities may have an ownership interest in the paintings and that defendant denies ownership. Notice will be given to all such persons and entities and they will be given an opportunity to establish their ownership before any disposition of the paintings is made by the Marshals. The parties shall propose a schedule for promptly adjudicating ownership.

In the meantime, the Marshals shall retain the paintings and any documentation and protect the artwork from damage or alienation. Additionally, the United States Attorneys' Office shall communicate with reputable art dealers to ascertain the best way to maximize value from the paintings, but shall not make any commitments until further order of the Court.

\* \* \*

Before the Court issues any final order granting or denying the application for a writ of execution, counsel for the government must provide information to the Court regarding the estimated cost of seizing and storing the artwork and the estimated length of time before it can be auctioned or sold. In considering whether to grant the writ, the Court will consider whether the expense to the Marshals of maintaining the artwork in protective custody will be

insubstantial. If, however, the expense will be significant, then no seizure should be made and the writ will be denied.

**IT IS SO ORDERED.**

Dated: May 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE